THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 13-CR-30267-DRH |
| KEVIN D. DOWELL, | ) ) ) |
| Defendant. | ) |

**STIPULATION OF FACTS**

Comes now Stephen R. Wigginton, United States Attorney for the Southern District of Illinois through Norman R. Smith, Assistant U.S. Attorney for this District and herewith enter into the following Stipulation of Facts with the defendant, Kevin D. Dowell, represented by his attorney Thomas C. Gabel, pertaining to the relevant conduct of the defendant within the scope of U.S.S.G. §1B1.3.

1. FKG Oil Co. is in the business of selling gasoline and merchandise out of approximately 70 convenience stores across 6 states and employs approximately 800 people. While operations are spread out throughout the Midwest, all corporate employees work out of the headquarters at 721 West Main in Belleville, Illinois.

2. Kevin D. Dowell was the Manager for the Human Resources Department for FKG Oil Co. since February 2007. Dowell's job responsibilities included handling workers' compensation claims, certain discipline issues, selected store performance reviews, FMLA, COBRA, and HIPPA matters. It was generally a "desk" job working from the FKG Oil Co. office in Belleville, Illinois.

3. From mid-2010 through early April 2013, Kevin D. Dowell falsified mileage on his expense reports for personal gain. He would claim he had driven his personal vehicle to other

FKG locations at varying amounts of miles when in fact he had not driven anywhere. In certain instances he forged the signature of his direct supervisor on his expense reports ensuring no one would notice the expenses. Additionally, Kevin D. Dowell had an FKG Oil Co. Visa credit card that was only to be used for FKG official travel and general business expenses. Kevin D. Dowell placed personal fuel charges on the company's VISA credit card.

4. When Kevin D. Dowell submitted a falsified expense report to FKG Oil Co., an employee of the company would key the reports into a computer that would transfer the funds from the company's bank account to be directly deposited into the bank account of Kevin D. Dowell. This direct deposit of funds constituted wire communications in interstate commerce which were foreseeable in the ordinary course of business.

5. On or about February 1, 2012, in St. Clair County within the Southern District of Illinois, and elsewhere, Kevin D. Dowell, for purposes of executing, and attempting to execute the above-described scheme and artifice to defraud and deprive, knowingly caused to be transmitted a wire communication in interstate commerce which was foreseeable in the ordinary course of business, namely, the submission of a fraudulent expense report in the Southern District of Illinois that caused an electronic transmission for a funds transfer that occurred through a financial institution in Missouri.

6. The direct loss from the relevant conduct is $87,419. Restitution is $113,984.81 consisting of $87,419 of direct loss and an additional $26,565.81 in investigative expenses.

SO STIPULATED:

*[signature: Kevin D. Dowell]*

KEVIN D. DOWELL
Defendant

*[signature]*

THOMAS C. GABEL
Attorney for Defendant

Date: 2/4/2014

STEPHEN R. WIGGINTON
United States Attorney

*[signature: Norman R. Smith]*

NORMAN R. SMITH
Assistant United States Attorney

Date: 2/4/2014

3